## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| VICKY BERGMAN<br>on behalf of herself<br>and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>DAP PRODUCTS INC.,<br><br><br>Defendant. | Civil Action No.<br><br>CLASS ACTION<br><br><br><br><br><br><br><br>JURY TRIAL DEMANDED |

### CLASS ACTION COMPLAINT

Plaintiff Vicky Bergman, on behalf of herself and all persons similarly situated, by and through her attorneys, alleges as follows.

### INTRODUCTION

1.      This is a class action brought on behalf of Plaintiff Vicky Bergman ("Plaintiff"), individually, and on behalf of all other similarly situated consumers who purchased X Hose and X Hose Pro products ("X Hose") from DAP Products Inc. ("Defendant").

2.      Defendant advertised its X Hose as being an expandable, lightweight garden hose that was tough, durable, and long-lasting. Defendant further advertised the X Hose as being able to both expand and contract, and represented to consumers that the X Hose "absolutely will not twist, tangle or kink" in contrast to other conventional garden hoses.

3.      As compared to a more traditional garden hose, which is typically made of rubber, the X Hose is constructed with a thin cloth layer exterior and a rubber internal tube interior. This allows the X Hose to contract when there is no water in the hose, providing for easier storage.

1

4.    Contrary to Defendant's representations, however, Defendant's X Hose is defective and predisposed to leaking, bursting, seeping, and dripping due to no fault of the consumer.

5.    Defendant knew, or should have known, that its X Hose was defective and not fit for its ordinary and intended purpose as a garden hose. Defendant actively concealed this material fact from Plaintiff and the members of the Class at the time they purchased their X Hoses, and throughout their attempts to seek relief after their X Hose failed.

6.    Despite its active concealment of the X Hose's inherently defective nature and the high volume of customer complaints regarding the X Hose, Defendant continues to market and sell the X Hose to consumers throughout the United States, causing them to lose at least tens of millions of dollars.

## PARTIES

### *Defendant*

7.    Defendant DAP Products Inc. is a Maryland corporation with its headquarters and principal place of business in Baltimore, Maryland. Defendant designs, manufactures, and sells its products through traditional brick-and-mortar retail stores, including national retailers such as Home Depot, among others.

8.    Defendant also retains the services of direct response marketer National Express, Inc., as its exclusive agent for direct marketing and sale of its X Hose product. Through its agent, Defendant markets and sells the X Hose by telephone and through an interactive website.

9.    At all times relevant to Plaintiff's allegations, National Express, Inc. has been Defendant's agent for purposes of the marketing and selling the X Hose. National Express, Inc., is and was, at all times relevant hereto, Defendant's agent, representative, affiliate, or employee

and, in carrying out is obligations with respect to the marketing and selling of the X Hose to consumers, was acting within the course and scope of such agency, representation, affiliate relationship, or employment.

10.     DAP has exercised control over the marketing and distribution activities of its agent such that, with respect to the subject matter of this action, any individuality or separateness between them has ceased and each of them is the alter ego of the other. Adherence to the fiction of the separate existence of Defendant and its agent would, under the circumstances alleged herein, sanction fraud or promote injustice. All acts and omissions alleged to have been done by Defendant or its agent, were done with the consent, knowledge, and ratification of Defendant.

*Plaintiff*

11.     Plaintiff Vicky Bergman is a citizen of the state of California and currently resides in Huntington Beach, California.

12.     On or about November 18, 2013, Plaintiff called the toll-free number of Defendant's distributor National Express and ordered a 50' X Hose Pro, with a second 50' hose to be included for a charge for "shipping and handling", paying a total of $69.85 for the two hoses. On December 2, 2013, Plaintiff called the National Express toll-free number and ordered another 50' X Hose Pro and a 75' X Hose Pro, with "free" second versions of each included for a shipping and handling charge, paying a total of $161.70 for the four hoses.

13.     Of the six X Hose Pros in her possession, Plaintiff gave away two as gifts and kept four for personal use. However, by the following January or February, three of her four X Hose Pros "popped" near the middle of the hoses, making them unusable as garden hoses. Plaintiff then called the National Express toll-free number but was not offered the option to get her money back. Instead, Defendant sent her four replacement X Hose Pros.

14.    By April or May, 2014, at least two more of Plaintiff's X Hose Pros had "popped." She again called National Express, and was told that it was too late to get her money back.   Instead, after making multiple follow-up calls, Defendant eventually sent her four replacement hoses.

15.    Plaintiff then experienced problems with all four of the new replacement X Hose Pros. One exploded and a piece of it went flying, one ripped, and two others have problems with kinking.

16.    In June, 2014, Ms. Bergman called National Express two additional times, resulting in the shipments of six additional replacement hoses.   However, the last sets of replacement hoses have been the most problematic, with defects ranging from exploding to kinking and leaking from the fittings.

17.    Plaintiff Bergman has maintained physical possession of the nineteen X Hose Pros Defendant sent her, of which three remain unopened in their packages.  As alleged herein, sixteen of the X Hoses have become unusable as garden hoses due to exploding, tearing, kinking or leaking.  Defendant continues to refuse to refund Plaintiff's money.

## JURISDICTION AND VENUE

18.    This Court has subject matter jurisdiction over this class action pursuant to 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005, because the matter in controversy exceeds $5 million, exclusive of interest and costs, and is a class action in which some members of the Class are citizens of states different than Defendant. *See* 28 U.S.C. § 1332(d)(2)(A).

19.    This Court has personal jurisdiction over Defendant, as its corporate headquarters and principal place of business is located in this District.

20.     Venue properly lies in this district pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the acts giving rise to Plaintiff's claims occurred in this District, members of the putative Class are residents of this District, Defendant conducts substantial business in this District, and Defendant's headquarters and principal place of business are located in this District. Defendant has sufficient minimum contacts with the State of Maryland and intentionally avails itself of the consumers and markets within the State through the promotion, marketing and sale of its products.

## FACTUAL BACKGROUND

21.     Defendant designs, markets, distributes, and sells its X Hoses through the internet, traditional direct marketing and various retail outlets, including Home Depot. Upon information and belief, Defendant has sold at least tens of millions of dollars' worth of X Hoses.

22.     X Hose and X Hose Pro basically are the same product. Although Defendant's advertisements claim the X Hose Pro is made from more durable material, including "a tough multilayered expandable inner hose," X Hose Pro differs from the original X Hose only insofar as it incorporates brass fittings and has a larger diameter. Indeed, X Hose and X Hose pro suffer from identical design and/or manufacturing defects that render them unsuitable for their ordinary and intended purpose as garden hoses.

23.     Unbeknownst to consumers, Defendant's X Hoses contain design and/or manufacturing defect(s) that result in leaking, bursting, seeping, and dripping. Defendant not only knew of these defects before placing the hoses into the stream of commerce, but actively conceals the hose's inherently defective nature from Plaintiff and the Class in order to preserve ill-gotten gains while continuing to collect illicit payments and profits.

24.     Defendant markets X Hose as a tough, durable, and long-lasting gardening hose. Specifically, Defendant makes the following statements about the X Hose on the website it created to sell X Hoses directly to consumers: www.xhose.com, the relevant portions of which are set forth below (with significant text highlighted in yellow):



# OFFICIAL XHOSE WEBSITE

Bonus

Buy One Get One



$19 $^{95}$

*For 25ft. Hose
+ S/H

Available Sizes: 25ft 50ft 75ft

# The Incredible Xpanding Hose!

- Super strong and durable yet ultra lightweight
- Absolutely will not twist, tangle, or kink!
- EXPANDS up to 3 times its size when water is turned on

JPU/JPU/01686441.DOCXv1

- CONTRACTS back in just seconds when water is turned off
- 90 day money back guarantee

# Which XHOSE would you like?



- Durable Plastic Fitting
- Expands & Contracts
- Lightweight Hose
- No Kinks or Tangles



- Solid Brass Fittings
- Withstands up to 250 PSI
- Full 3/4" diameter
- Expands & Contracts
- Lightweight Hose
- No Kinks or Tangles

25.     Defendant makes similar claims in its commercials.  The commercials, which are shown on Defendant's website and during television broadcasts nationwide, tout the X Hose's durability and longevity, ease of use, and ability to expand and contract without kinking. Defendant also claims that the X Hose is "built strong to last long," "tough," "durable" and "super strong."

7

26.     Plaintiff viewed the above statements prior to purchasing her X Hoses and believed to be true Defendant's representations regarding the durability, strength, and structural integrity of the X Hoses.

27.     Defendant promises customers a 90-day money back guarantee.  Plaintiff and other Class members relied on Defendant's refund policy when making their purchases, believing that Defendant would refund their money if their X Hoses failed.  Defendant further warrants its products "from defects in material and workmanship under normal household use and conditions for one year from the date of original purchase," and agrees to replace a failed hose or refund the sales price.[1]

28.     Contrary to Defendant's representations, however, X Hose is not durable, is not strong, does experience kinking and does not last a long time.  Due to poor manufacturing and/or design, X Hose is prone to leaking, kinking, bursting, exploding, seeping, and dripping, all of which will render it useless.  X Hose is unfit for its ordinary and intended purpose as a garden hose because it cannot transport water without eventually failing.

29.     Due to the many defects plaguing these products, X Hoses also are dangerous and pose an unreasonable safety risk.  As set forth in several of the consumer complaints reproduced below, when X Hose "bursts" or "explodes," the interior lining is propelled from the outer covering at a high velocity, placing both the X Hose's operator and any bystanders at risk of physical injury.

30.     X Hoses are inherently defective and virtually guaranteed to fail.  It appears that thousands of purchasers of X Hoses have experienced leaking, bursting, seeping, and dripping.  A number of internet blogs and other websites publish consumer complaints describing the exact

---

[1] http://www.homedepot.com/p/DAP-3-4-in-x-50-ft-XHOSE-Pro-Expandable-Water-Hose-7079899104/205144009

8

same defects as those described herein and suffered by Plaintiff.  For example, the following are a number of consumer complaints taken from Amazon.com:

This product is crap, December 30, 2013

This review is from: Dap 09116 Xhose 25-Feet Incredible Expanding Hose (Tools & Home Improvement)

What a dishonest company. If I ever see the name dap again I will not purchase any product from this company. *I purchased two 75' hoses. Both have burst. First one was replaced without any problem. Second one, they want me to pay shipping and return their product before they replace. I already paid them over $21.00 in shipping when I purchased the first two hoses. There is a pattern here, one of dishonestly.* So my next step will be to file a complaint with the Better Business Bureau. So I suggest to all of you whom have been taken by this American company, let others know by filing a complaint with the BBB. If enough of us complain they will be forced to change their policy.

I have no problem signing this. I am, Paul Morgan.

---

XHose Pro warranty and advertising deceptive, March 23, 2014

This review is from: Dap Xhose PRO The Original Expanding Hose with Black Solid Brass Fittings, 50-Feet X Hose (75 Ft. Xhose)

The ¾" XHose Pro with brass fittings is convenient, easy to use BUT it has limited uses and caution has to be exercised when using it. If you're watering you garden or using it on a sprinkler it is fine. The problem occurs when the hose is charged and you stop the water flow. I purchased my 75 footer primarily for washing the car. This is when the problem happens. When washing a car, you first wet the car down, shut the nozzle off, then soap and clean car, and then rinse off the soap. The problem is that when you turn off the nozzle the hose it is still charged and most probably laying charged in the sunlight. The sun will heat the charged hose until  you are ready for the rinse. During this time (5-10 minutes) there is a very strong possibility that the hose will pop rendering it useless. So now, I wash the car in sections in order not to keep the hose from overheating and popping. As I said, as long as you keep the water running while using it, you're probably OK.........you just can't turn the nozzle off for any length of time. *The hose comes with a lifetime warranty, but the warranty requires that you pay the freight both ways. For the 75' hose it will cost you appox. $7.00 to mail it, and then you will also have to send a check for $10.95 for each hose to pay for their postage. That means your "Lifetime Warranty" will cost you a minimum of $18.00. Very deceptive advertising to say the least. Whenever I've sent a defective item under*

9

*warranty back to the manufacturer for repair or replacement I have NEVER had to pay for them to ship it back to me.*

Because of the amount of hoses that are being returned for defect, I believe that the possibility of consumer fraud should be looked into by the Attorney General's office, and that some attorney may entertain the possibility of a Class Action suit. In my opinion, all the cheaper hoses on the market will probably perform the same way, so you might as well buy the cheaper one at 1/4th of the cost and just buy another if it breaks or pops. That will save you the $18.00 replacement cost of an XHose Pro, and several weeks waiting for a replacement (if it's in stock). This hose  is definitely NOT WORTH THE MONEY!!!!!!!! *Additionally, there is a possibility that if these types of hoses pop the hose will immediately begin to retract and if there is a nozzle attached the hose might possibly whip that nozzle causing it to strike you. It hit me in the shin, but it there was a small child close to it the injury could have been more serious. Even without a nozzle attached, the brass fitting itself can also cause an injury.* I would strongly suggest that the XHose Pro manufacturer consider a reflective type covering or at the very least a much lighter color webbing and  inner hose color that would not as easily absorb the heat radiated by the sun. Direct sunlight is this if you have to keep it out of the sun?

---

Have had 3 burst and 1 bad connection, April 14, 2014

This review is from: Dap 09116 Xhose 25-Feet Incredible Expanding Hose (Tools & Home Improvement)

I ordered the Xhose Pro (w/ brass connections) in May 2013, didn't even receive my order until October due to backorder that I was not informed about until I called multiple times. *I used the hose maybe 3 times but it appeared to kink /block. By December it had burst inside and water was coming out the middle of the hose. Got replacements under the "lifetime warranty" Those both burst within 2-3 months also. Got another replacement set. 1 had a bad connection from 1st use (water squirts out at main connection) and 2nd hose just burst, been 2 months of daily use. Company will only replace under "lifetime warranty" twice. After which you have to mail them your broken hoses + a check/money order for shipping and handling of each replacement hose ($8.95 each). Rip off. Please don't waste your money.*

Loved it.....for the short time I got to use it, June 8, 2014

This review is from: NEW 25/50/75ft Foot expandable xhose flexible hose USA Standard Garden hose water pipe/ water gun Spray Nozzle Free shipping (75ft) (Misc.)

First and foremost, I ordered the 75' and received a 25'. Didn't want the hassle, so kept it anyway. Purchased in July 2013, used it for 3 months. Took it out two weeks ago and it leaks. Very disappointed. Contact information for the company unavailable anywhere. Great.......for the three months I got to use it.

awful product/worse company, June 18, 2014

By Tony Ambricco - See all my reviews

X Hose (50 Ft. Xhose)

I purchased 2 of the DAP XHOSE PRO 50'. After the first 15 minutes the one length lost pressure and began to shrink up. *I called the company and they sent a replacement. After about a month, one of the 2 lengths "popped" and lost pressure. I called the company and told them I was returning the hoses and wanted a refund. Well, I had to pay for return shipping. After a few days I tracked my package and it had been delivered. After a week, my credit card had not been credited so I called the company and they said all they are going to credit is the price of the hose, not the shipping (brass fittings are heavy) charges. I told them their product was not up to the standards they claim and because of that I had to return them and should be reimbursed. This is a scam. DO NOT BUY THIS PRODUCT!*

Defective item, but no support from Amazon.com., June 18, 2014

This review is from: Dap Xhose PRO The Original Expanding Hose with Black Solid Brass Fittings, 50-Feet

X Hose (75 Ft. Xhose)

I received my xhose on April 9, 2014 put it away until I was going to need it. I started using it in early June 2014 and found that it had twists and lumps inside the hose that was preventing it from working properly. *I called Amazon.com and they did give me some phone numbers to call for the Xhose company and told me the 30 day return policy had elapsed, even though it was defective. I called the numbers I was given, and got the runaround, was given more numbers to call, and* finally ended up with a number going back to Amazon.com corporate that did not work. I paid $55 for this hose including shipping and handling, and I honestly thought that Amazon.com would protect my purchase. I have bought many items off of Amazon.com, and I suppose I was very lucky I had no problems. I ended up buying two new hose nozzle sprays down at the hardware store and luckily one is allowing the hose to work fairly well. The lumps and twists are still pushing their way out of the side of the house. I am truly disappointed in Amazon.com. $55 is not a huge amount of money, but it is a lot of money to me. I am now thankful it was not a large money purchase.

11

Total WAIST of Time & Money, July 21, 2014

Verified Purchase (What's this?)

This review is from: Dap 09106 Xhose PRO The Original Expanding Hose, Black with Solid Brass Fittings,

25-Feet (Tools & Home Improvement)

***Broke very quickly, zero help with replacement! The hose blew out after only a handful of uses (washing car). I maybe used this 5 times in 8 weeks and boom, complete CRAP! Tried calling customer support, but x-hose doesn't sell on amazon apparently and the 30 day warranty is hard to collect on when you only use the item for 15 min. in the first 30 days.***

***AVOID AT ALL COSTS! It is a cool idea, but save your money for a real hose.***

---

Water, Water, everywhere...., July 25, 2014

By E D Crenshaw Jr - See all my reviews

Verified Purchase(What's this?)

This review is from: Dap Xhose PRO The Original Expanding Hose with Black Solid Brass Fittings, 50-Feet X Hose (75 Ft. Xhose)

This hose was a disaster. Advertised "heavy duty" strength it had blown up in one month, water everywhere. Use caution when purchased, and having trouble finding a place to return. If anyone knows a SIMPLE way to get my money back please advise. Thanks

---

Don't believe the one year warranty, June 30, 2014

By Bill R (Panama City Beach FL, USA) - See all my reviews

Verified Purchase(What's this?)

This review is from: Dap Xhose PRO The Original Expanding Hose with Black Solid Brass Fittings, 50-Feet X Hose (50 Ft. Xhose)

DAP customer service told me Amazon is not an Authorized Seller so Dap will not honor the warranty...........This is the 3rd expanding hose I have purchased. The other two had plastic connections and leaked shortly after purchasing them. When I saw this ad claiming this one was different because it has solid brass fittings, 3/4" diameter and was "Professional Quality", I was fooled into thinking they have finally developed the technology and decided to give the expandable hose one more try.....Well this one lasted 3 months before leaking....This is the final straw. I'm going back to traditional hoses.

---

12

Bad product, June 29, 2014

By Kathleen D. - See all my reviews

This review is from: Dap Xhose PRO The Original Expanding Hose with Black Solid Brass Fittings, 50-Feet X Hose (50 Ft. Xhose)

It's not that I hate the hose I'm extremely disappointed with the quality of the product. I absolutely loved the concept and ease of the hose, but after several weeks of almost daily use, 20 minutes a day, the first hose developed a leak where the hose connects to the brass fitting. *Within a week the second one burst. I asked the cemetery to check the PSI, because this hose is tested to 250 PSI and the cemetery tested at 90 PSI. I called the company about the first hose and they shipped a replacement, but when I called about the 2nd hose they told me to send in the warranty card that I never received. Buyer beware!!!*

---

DAP = CRAP, July 9, 2014

This review is from: NEW 25/50/75ft Foot expandable xhose flexible hose USA Standard Garden hose water pipe/ water gun Spray Nozzle Free shipping (75ft) (Misc.)

There is a reason DAP rhymes with crap and it is not just their faulty product. They have a guarantee and they will honor it IF you send the cut ends of the hose AND the proof of purchase. Now who saves a receipt for a garden hose? It is one thing when they sell a defective product and quite another when they offer a meaningless guarantee. So is their theory that we are out wandering the earth like Cain (Kung Fu) looking for discarded expandable hoses we can redeem for money so they require the sales receipt to prove we actually paid money for their faulty product? PLEASE instead try the Rumford Gardner product. It works and the company can't be as disreputable as DAP/Crap

---

XHose had terrible customer service via Web - buy elsewhere!

July 27, 2013

This review is from: Dap 09116 Xhose 25-Feet Incredible Expanding Hose (Tools & Home

Improvement)

Several competitors of the Xhose are available and I understand you can buy the product at retail outlets. However, DO NOT ORDER XHOSE ON THE INTERNET. *This company's customer service is essentially non-existent. The only information you can obtain is the order status and that status is always "In Process." But the hoses are never actually delivered. We've been waiting for weeks as the summer comes and goes - still no change in status*

*and still no hoses. One of the worst vendors I've encountered since the advent of internet shopping.*

Flex hose, the hose that doesn't flex...., August 21, 2014

By Allen Spurr "wazzelby" (Colorado) - See all my reviews

(REAL NAME)

This review is from: Dap Xhose PRO The Original Expanding Hose with Black Solid Brass Fittings, 50-Feet X Hose (75 Ft. Xhose)

If I could give less than 1 star I would... Purchased 2 hoses and both blew out within a week of purchasing them. I used 1 for washing my car (once) and the other for watering our garden in the yard (3 times). The first hose split right in the middle and the second one blew out right at the coupler. These are an obvious gimmick and don't work worth a crap.. *Tried to return them for an exchange and couldn't after getting the run around having to call multiple phone numbers.*

*PLEASE do not waste your money on these things.*

Buyer Be Ware !!!, August 19, 2014

By Larry Parsons - See all my reviews

This review is from: Dap Xhose PRO The Original Expanding Hose with Black Solid Brass Fittings, 50-Feet X Hose (50 Ft. Xhose)

This hose has a one year warranty... Didn't last 5 months. Hose separated just behind the brass fitting leaving the hose worthless.

*Amazon, Distributor or the Manufacturer. No one would stand behind the Warranty.. I'm out 45 bucks.. Glad I only bought one.*

Third x-hose, third time it broke, August 28, 2013

Verified Purchase (What's this?)

This review is from: Dap 09116 Xhose 25-Feet Incredible Expanding Hose (Tools & Home Improvement)

First time, a balloon-type bubble appeared and continued to grow before I could turn off the water. The hose then burst. The second time, my husband attached the hose to the spigot, turned on the water, and the front part of the hose blew off, spewing water all over him. The third time was not a charm! Attached the hose to the spigot and once again, the front black plastic part blew off and we all got soaked. The black piece was never found. The problems with this hose DO NOT outweigh its convenience. *In addition, there is no email address or customer service number to call if you have a problem. I had to*

> *search for my receipt, which I received directly from X-hose, and they would*
> *not issue a refund, but rather a replacement. This was one of the*
> *replacements that blew up! Stay away from this product. Do not buy it!*

They are Junk!, August 26, 2013

By J. Prewitt (Florida) - See all my reviews

This review is from: Dap 09114 Xhose 50-Feet Incredible Expanding Hose
(Tools & Home Improvement)

Didn't realize Amazon sold these or would have bought from here. Sorry
Amazon. These hoses are pieces of junk, was leaked out of the box, the other
we didn't even open. Called Xhose (national express online) and asked for a
replacement. I was instructed to ship the hose at my cost back to them and a
determination would be made whether I had mishandled the hose in any way.
Well, chalk this on up to not doing enough research on complaints against
them.

Do Not Buy Tis Hose! Unless you are a glutton for punishment....

And nowhere on DAP's site do they say "Made in China"; so there we are...

Amazon should consider dropping this product, it is no good...

31.     Defendant was, and is, under a continuing duty to disclose the defective nature of
its X Hose to consumers. Yet, Defendant endeavors to actively conceal the existence and nature
of the defect in the X Hose from Plaintiff and the Class by replacing failed X Hoses with
similarly defective products, rather than refunding Class members as promised.

32.     Moreover, it appears that Defendant's agents conceal the defective nature of the X
hose by affirmatively misrepresenting that only a small percentage of X Hoses experience the
deficiencies set forth herein, and that X-Hoses are subject to minimal failure rates, thereby
inducing consumers to purchase defective X Hoses and ensuring that existing customers opt to
forgo a refund in favor of replacement hoses they are made to believe will not fail.

33.    The following customer inquiries and responses by X Hose agent "Jenn" were obtained from Defendant's official X Hose blog, "The Spigot", www.xhose.com/blog, under the title "XHOSE: Deal or Dud?" (Emphasis added):

34.    *Rosemary* says:

January 20, 2014 at 12:25 pm

I was getting ready to order, but thought I should check the reviews first. Sounds like a perfect hose, but after seeing the reviews, I think I'll pass. The green one had plastic that broke. Ok, so make a new one with brass fittings. Now the black one leaks or blows up and one on another site said it kinks. Customers seem to have a hard time contacting X Pro Hose and takes months to receive the product. Too many proto types. I'm disappointed because I really wanted them.

a.    *Jenn* says:

January 23, 2014 at 11:18 am

Rosemary, the expandable hose is a relatively new invention. The XHOSE is the original expandable hose and we have been continually improving the design, including the debut of the XHOSE Pro last spring. The XHOSE Pro has brass fittings, as you noted, and a wider inner hose for a more powerful spray. It is also kink-free. Plus, we do our best to satisfy each customer. **The XHOSE Pro has a minimal failure rate** and, on the off chance you were to receive a defective XHOSE, we would be happy to replace it for you. We hope you'll consider giving the XHOSE Pro a try!

i.    *Rosemary* says:

January 24, 2014 at 2:23 pm

Well, I ordered them and just hoping they will last.

ii. *Jenn* says:

January 27, 2014 at 12:28 pm

That's great! We hope you love them!

1. *Bill* says:

January 26, 2014 at 5:05 pm

Well....I guess I won't be buying the XHose, they almost had me though.

- *Jenn* says:

January 27, 2014 at 12:10 pm

Bill, *the XHOSE Pro units keep improving and have an exceptionally low failure rate.* If you order an XHOSE Pro and it doesn't work for you, we would be happy to replace it for you. We hope you'll give XHOSE a try!

1. *Greg* says:

February 1, 2014 at 11:09 am

I was reading about the Xhose Pro with the DAP backing and brass fittings after seeing a TV commercial. Went to the Amazon site and all of the reviews are very negative, all of them one star and one person wanting to give it zero stars. If this is so bad, how can the company survive, make commercials and continue to replace the defective units. Something is wrong very wrong here.

- *Jenn* says:

February 3, 2014 at 9:15 am

Greg, the XHOSE Pro is a fairly new product and undergoes constant changes and improvements to be the best garden hose possible. *XHOSE has a very low failure rate but some people have received defective hoses.* We are glad to replace those hoses with new hoses to meet each customer's needs. Of the people I know with an XHOSE Pro,

it's a big hit and makes yard work, gardening, and cleanup easier and we hope you'll give it a try to see what so many people love about the XHOSE Pro.

1. *Priscilla Moffett* says:

February 2, 2014 at 3:21 pm

I tried to order on line but it says the web site has changed I have to delete cookies....well I don't want to do that because I order from other sites as well................ This problem caused me to check out the blog and I guess i don't want it after all....seems people are not impressed!

- *Jenn* says:

February 3, 2014 at 9:14 am

Priscilla, there are thousands of people who have an XHOSE and love what it does and how it works! *Out of all the people who have received an XHOSE, a very small percentage have received defective units which we then replace for them.* We suggest you try the upgraded XHOSE Pro and if you don't like it for some reason, feel free to send it back within 90 days for the money back guarantee. We hope you'll give it a try!

35.     As alluded to  in several of the consumer complaints reproduced above, and as confirmed by Plaintiff's own experiences, Defendant replaces failed X Hoses with products that also fail, and often requires Class members to pay for shipment of these similarly defective X Hoses.  By the time consumers realize that their replacement hoses also are defective, Defendant claims that its 90-day refund period has expired and the consumer is no longer eligible for a refund.

36.     Defendant's fraudulent, deceptive and unfair practices have, and continue to cause Plaintiff, as well as members of the Class, out-of-pocket loss in the amount of the price paid for these worthless products.

## CLASS ACTION ALLEGATIONS

37.    This action is brought on behalf of Plaintiff, individually, and as a class action, pursuant to FED. R. CIV. P. 23(a), 23(b)(2) and/or 23(b)(3) on behalf of a nationwide class of consumers. Specifically, the nationwide class consists of:

> All persons in the United States who purchased a DAP X Hose (the "Nationwide Class" or "Class").

38.    In the alternative to the Nationwide Class, and pursuant to FED. R. CIV. P. 23(c)(5), Plaintiff seek to represent the following state subclass:

> All persons in California who purchased a DAP X Hose (the "California Class").

39.    The rights of each member of the Class were violated in a similar fashion based upon Defendant's uniform actions.

40.    This action has been brought and may be properly maintained as a class action for the following reasons:

> a.  Numerosity:  Members of the Class are so numerous that their individual joinder is impracticable the proposed Class appears to include thousands of members. Defendant sold its X Hoses to at least tens of thousands of consumers throughout the United States. The Class is therefore sufficiently numerous to make joinder impracticable, if not impossible. The precise number of Class members is unknown to Plaintiff.
>
> b.  Existence and Predominance of Commons Questions of Fact and Law: Common questions of law and fact exist as to all members of the Class. These questions predominate over the questions affecting individual Class members. These common legal and factual questions include, but are not limited to, the following:

19

      i.   whether Defendant's X Hose is defective;

     ii.   whether Defendant knew its X Hose was defective;

   iii.   whether Defendant intentionally concealed or failed to disclose to Plaintiff and the Class the inherent nature of the defect in its X Hoses;

   iv.   whether Defendant had a duty to Plaintiff and the Class to disclose the inherent defect in its X Hose, and whether Defendant breached that duty;

    v.   whether a reasonable consumer would consider the defective nature of the X Hose to be material in deciding to purchase the X Hose;

   vi.   the appropriate nature of class-wide equitable relief; and

   vii.   the appropriate relief to award to Plaintiff and members of the Class.

These and other questions of law or fact which are common to the members of the Class predominate over any questions affecting only individual members of the Class.

    c.   <u>Typicality</u>: Plaintiff's claims are typical of the claims of the Class since Plaintiff and Class members purchased X Hoses that were designed, manufactured, and marketed by Defendant as being tough, durable, and long-lasting, but shortly revealed themselves to suffer from significant design and/or manufacturing defects that render this product inherently defective and unsuitable for its intended purpose. Furthermore, Plaintiff and all Class members sustained money damages arising out of Defendant's wrongful conduct. Plaintiff is advancing the same claims and legal theories on behalf of herself and all absent class members.

    d.   <u>Adequacy</u>: Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class that she seeks to represent; she has retained counsel competent and highly experienced in complex class

20

action litigation; and she intends to prosecute this action vigorously. The interests of the Class will be fairly and adequately protected by Plaintiff and her counsel.

e.  Superiority: A class action is superior to other available means of fair and efficient adjudication of the claims of Plaintiff and the Class. The injury suffered by each individual Class member is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation. It would be virtually impossible for members of the Class individually to effectively redress Defendant's wrongdoing. Even if the Class members could afford such individual litigation, the court system could not. Individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties, and to the court system, presented by the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

f.  Ascertainability: Class members are readily ascertainable, and can be identified from Defendant's records.

g.  Plaintiff also intends to seek certification under Rule 23(b)(2), which requires proof that Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final equitable relief with respect to the Class as a whole. The defects plaguing X Hoses, and Defendant's failure to remedy them or refund customers in accordance with its warranties, are uniform and predicated on standard policies and practices.

21

h.  In the absence of a class action, Defendant would be unjustly enriched because it would be able to retain the benefits and fruits of its wrongful conduct.

i.  Application of Maryland law to the Nationwide Class is appropriate because Defendant's principal place of business and headquarters is in Maryland and Defendant's deceptive marketing scheme was designed in and emanated from Maryland.

## VIOLATIONS ALLEGED

### FIRST CAUSE OF ACTION
### BREACH OF EXPRESS WARRANTY
**(On Behalf of the Nationwide Class or, Alternatively, the California Class)**

41.  Plaintiff and the Nationwide Class (or, in the alternative, the California Class) incorporate by reference each preceding and succeeding paragraph as though fully set forth herein.

42.  Defendant provided all purchasers of X Hoses with the express warranties described herein, including warranties concerning the durability and functionality of the X Hose, as well as Defendant's refund policy, all of which became part of the basis of the bargain. Accordingly, Defendant's warranties are express warranties.

43.  The defects plaguing X Hoses prevent them from functioning as expressly promised or cause them to fail prematurely, and are covered by these warranties.

44.  Defendant breached these warranties by selling inherently defective X Hoses to Plaintiff and the Class and refusing to honor its warranties by instead providing them with similarly defective X Hoses in lieu of the promised full refund.

45.  Plaintiff and members of the Class notified Defendant of the breach within a reasonable time, and/or were not required to do so because affording Defendant a reasonable

22

opportunity to cure its breach of written warranty would have been futile.  Defendant also knows of the defect and yet has chosen to conceal it and to fail to comply with its warranty obligations.

46.     As a direct result of Defendant's breach, Plaintiff and the Class bought X Hoses they otherwise would not have and did not receive the benefit of their bargain.  Some members of the Class also have suffered damages by shipping failed X Hoses back to Defendant at their own expense, only to receive similarly defective products in return.

47.     Defendant's attempt to disclaim or limit these express warranties is unconscionable and unenforceable under the circumstances alleged herein.  Specifically, Defendant's 90-day warranty limitation is unenforceable because it knowingly sold a defective product without informing consumers about the defect.

48.     The time limits contained in Defendant's warranty period are unconscionable and inadequate to protect Plaintiff and members of the Class.  Among other things, Plaintiff and Class members had no meaningful choice in determining these time limitations, the terms of which unreasonably favored Defendant.  A gross disparity in bargaining power existed between Defendant and the Class, and Defendant knew or should have known that X Hoses were defective at the time of sale and would fail well before expiration of their useful lives.

49.     Plaintiff and the Class have complied with all obligations under the warranty, or otherwise have been excused from performance of said obligations as a result of Defendant's conduct described herein.

## SECOND CAUSE OF ACTION
## BREACH OF IMPLIED WARRANTY
### (On Behalf of the Nationwide Class Pursuant to Md. Code, Com. Law § 2-314)

50.     Plaintiff and the Class incorporate by reference each preceding and succeeding paragraph as though fully set forth herein.

51.     Defendant is a "seller" of X Hoses as defined by Md. Code, Comm. Law § 2-314(1)(a). As a seller (specifically, as a manufacturer) of X Hoses, Defendant knew or had reason to know of the ordinary and intended purposes for which X Hoses are purchased.

52.     X Hoses are "goods" as defined by Md. Code, Comm. Law § 2-105(1).

53.     Defendant impliedly warranted to Plaintiff and the Class that X Hoses are merchantable and fit for the ordinary purposes for which they are sold, and conform to the promises or affirmations of fact made on the container or label in which they are sold. However, X Hoses are not fit for their ordinary and intended purpose and use as garden hoses because, *inter alia*, X Hoses explode, tear, and, eventually, cease to function entirely, thereby becoming unable to transport potable water. Therefore, X Hoses are not fit for their ordinary and intended use.

54.     Defendant also impliedly warranted that X Hoses would "[c]onform to the promises or affirmations of fact made on the container or label." These affirmations of fact include Defendants' assertions that the X Hose is "tough," "durable," and "built strong to last long." The X Hose does not possess those characteristics, as they are prone to premature failure.

55.     Contrary to the applicable implied warranties, X Hoses at the time of sale and thereafter were not fit for their ordinary and intended purpose for which such hoses are used. Instead, X Hoses suffer from a defective design and/or manufacturing defect.

56.     Plaintiff and members of the Class notified Defendant of the breach within a reasonable time, and/or were not required to do so because affording Defendant a reasonable opportunity to cure its breach of written warranty would have been futile. Defendant also knows of the defect and yet has chosen to conceal it and to fail to comply with its warranty obligations

24

57.     Defendant's actions, as complained of herein, breached the implied warranty that

X Hoses were of merchantable quality and fit for their intended use.

### THIRD CAUSE OF ACTION
### VIOLATIONS OF MARYLAND'S CONSUMER PROTECTION ACT ("MCPA")
#### (On Behalf of the Nationwide Class Pursuant to MD. CODE, COM. LAW § 13-301, *et seq.*)

58.     Plaintiff and the Class incorporate by reference each preceding and succeeding

paragraph as though fully set forth herein.

59.     Plaintiff brings this claim on behalf of herself and the Nationwide Class against

Defendant.

60.     Defendant is a "person" as that term is defined in MD. CODE, COM. LAW § 13-

101(H).

61.     Plaintiff and the Class are "consumers" as that term is defined in MD. CODE, COM.

LAW § 13-101(C)(1).

62.     Defendant engaged in unfair and deceptive acts in violation of the MCPA by the

practices described herein, and by knowingly and intentionally concealing from Plaintiff and

Class members that X Hoses suffer from substantial and unreasonably dangerous design and/or

manufacturing defects, and the costs, risks, and diminished value of the products as a result of

these deficiencies.  At a minimum, Defendant's acts and practices violate the following sections

of the MCPA:

> (1) making false, falsely disparaging, or misleading oral or written statement, visual description, or other representation of any kind which has the capacity, tendency, or effect of deceiving or misleading consumers
>
> (2)(i) Representing that consumer goods have a sponsorship, approval, accessory, characteristic, ingredient, use, benefit, or quantity which they do not have;
>
> (2)(iv) Representing that consumer goods are of a particular standard, quality, grade, style, or model which they are not
>
> (3) Failing to state a material fact that tends to deceive, namely, failing to disclose that X Hoses do not work as advertised and eventually will fail;

(5)(i) Advertising goods and services with the intent not to sell them as advertised.

(9)(i) Engaging in a deception, fraud, false pretense, false premise, misrepresentation, or knowing concealment, suppression, or omission of any material fact with the intent that a consumer rely on the same in connection with the promotion or sale of any consumer goods.

63.     Defendant's unfair or deceptive acts or practices occurred repeatedly in Defendant's trade or business, were capable of deceiving a substantial portion of the purchasing public, and imposed a serious safety risk on the public.

64.     Defendant knew that X Hoses are defectively designed or manufactured, are virtually guaranteed to fail prematurely, and are not suitable for their intended use.

65.     Through its deceptive and false advertisements and product claims, Defendant knowingly and intentionally misrepresented the quality, characteristics and durability of X Hoses, as well as the suitability of the same for their ordinary and intended use.

66.     Defendant was and is under a duty to Plaintiff and the Class to disclose the defective and unreasonably dangerous nature of X Hoses because:

   a. Defendant was and is in a superior position to know the true state of facts about the various defects plaguing X Hoses, as well as their unreasonably dangerous nature;

   b. Plaintiff and the Class could not reasonably have been expected to learn or discover that the X Hoses suffer from significant and dangerous design and/or manufacturing defects until such defects manifest; and

   c. Defendant knew that Plaintiff and the Class could not reasonably have been expected to learn or discover the defective nature of X Hoses until manifestation of the defect.

   d. Defendant actively concealed these defects by providing to Plaintiff and the Class similarly defective replacement Products until their 90-day money-back guarantee had expired.

67.   In failing to disclose that X Hoses are inherently defective, unreasonably dangerous and unsuited for their intended use, Defendant has and continues to knowingly and intentionally conceal material facts and breach its duty not to do so.

68.   Defendant also engaged in deceptive conduct by providing Plaintiff and Class members with similarly defective replacement hoses in lieu of a refund until the 90-day refund period had expired. Defendant's scheme of active concealment ensured that the refund period expired by the time Plaintiff and the Class realized X Hoses are inherently defective, thereby allowing Defendant to unlawfully retain the proceeds of its scheme.

69.   The facts affirmatively misrepresented and /or concealed or not disclosed by Defendant to Plaintiff and the Class are material in that a reasonable consumer would have considered them important in deciding whether to purchase X Hoses. Had Plaintiff and the Class known about the defective nature of X Hoses, they would not have purchased them.

70.   Plaintiff and the other Class members' money damages were proximately caused by Defendant's fraudulent and deceptive business practices.

71.   Plaintiff and the Class are entitled to equitable and monetary relief under the MCPA.

**FOURTH CAUSE OF ACTION**
**COMMON LAW FRAUD**
**(On Behalf of the Nationwide Class or, Alternatively, the California Class)**

72.   Plaintiff and the Nationwide Class (or, in the alternative, the California Class) incorporate by reference each preceding and succeeding paragraph as though fully set forth herein.

73.   Defendant made material omissions and misrepresentations concerning a presently existing or past fact. For example, Defendant misrepresented the quality, characteristics and durability of the X Hose, and did not fully and truthfully disclose to its customers the inherently defective nature of the X Hose, which was not readily discoverable until after purchase, often after Defendant's refund period had expired. As a result, Plaintiff and

Class members were fraudulently induced to purchase the X Hose in an inherently defective condition that renders it unsuitable for its intended and ordinary purpose.

74.     Defendants made these material omissions and misrepresentations with knowledge of their falsity, and with the intent that Plaintiff and the Classes rely on them.

75.     Plaintiff and the Classes reasonably relied on these misrepresentations and omissions, and suffered damages as a result.

## FIFTH CAUSE OF ACTION
### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING
### (On Behalf of the Nationwide Class or, Alternatively, the California Class)

76.     Plaintiff and the Nationwide Class (or, in the alternative, the California Class) incorporate by reference each preceding and succeeding paragraph as though fully set forth at length herein.

77.     Every contract contains an implied covenant of good faith and fair dealing.  The implied covenant of good faith and fair dealing is an independent duty and may be breached even if there is no breach of a contract's express terms.

78.     Defendant breached the covenant of good faith and fair dealing by, *inter alia*, selling inherently defective X Hoses that Defendant knew were unsuitable for their intended and ordinary purpose, and preventing Plaintiff and Class members from securing a refund of monies paid for the X Hose by providing similarly defective replacement hoses until after the refund period had expired.

79.     Defendants acted in bad faith and/or with a malicious motive to deny Plaintiff and the Class members some benefit of the bargain originally intended by the parties, thereby causing them injuries in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
### UNJUST ENRICHMENT / COMMON LAW CLAIM FOR RESTITUTION
### (On Behalf of the Nationwide Class)

114.    Plaintiff realleges and incorporates by reference all paragraphs alleged herein.

115.    Because of their wrongful acts and omissions, Defendant charged a higher price for X Hose than its true value and obtained monies which rightfully belong to Plaintiff and the Class.

116.    Defendant enjoyed the benefit of increased financial gains, to the detriment of Plaintiff and other Class members. It would be inequitable and unjust for Defendant to retain these wrongfully obtained profits.

117.    Plaintiff, therefore, seeks an order requiring Defendant to make restitution to her and other members of the Class.

**SEVENTH CAUSE OF ACTION**
**VIOLATIONS OF CALIFORNIA'S**
**CONSUMER LEGAL REMEDIES ACT ("CLRA")**
**(On Behalf of the California Class Pursuant to CAL. CIV. CODE § 1750, *et seq.*)**

80.    Plaintiff and the Class incorporate by reference each preceding and succeeding paragraph as though fully set forth at length herein.

81.    Plaintiff brings this claim on behalf of herself and the California Class against Defendant.

82.    Defendant is a "person" as that term is defined in CAL. CIV. CODE § 1761(c).

83.    Plaintiff and the Class are "consumers" as that term is defined in CAL. CIV. CODE §1761(d).

84.    Defendant engaged in unfair and deceptive acts in violation of the CLRA by the practices described herein, and by knowingly and intentionally concealing from Plaintiff and Class members that X Hoses suffer from substantial and unreasonably dangerous design and/or manufacturing defects (and the costs, risks, and diminished value of the products as a result of these deficiencies). These acts and practices violate, at a minimum, the following sections of the CLRA:

29

(a)(2) Misrepresenting the source, sponsorship, approval or certification of goods or services;

(a)(5) Representing that goods or services have sponsorships, characteristics, uses, benefits or quantities which they do not have, or that a
person has a sponsorship, approval, status, affiliation or connection which he
or she does not have;

(a)(7) Representing that goods or services are of a particular standard,
quality, or grade, or that goods are of a particular style or model, if they are
of another; and

(a)(9) Advertising goods and services with the intent not to sell them
as advertised.

85.     Defendant's unfair or deceptive acts or practices occurred repeatedly in

Defendant's trade or business, were capable of deceiving a substantial portion of the purchasing

public, and imposed a serious safety risk on the public.

86.     Defendant knew that X Hoses are defectively designed or manufactured, are

virtually guaranteed to fail prematurely, and are not suitable for their intended use.

87.     Through its deceptive and patently false advertisements and product claims,

Defendant knowingly and intentionally misrepresented the quality, characteristics and durability

of X Hoses, as well as the suitability of the same for their ordinary and intended use.

88.     Defendant was and is under a duty to Plaintiff and the Class to disclose the

defective and unreasonably dangerous nature of X Hoses because:

a.   Defendant was and is in a superior position to know the true state
of facts about the various defects plaguing X Hoses, as well as
their unreasonably dangerous nature;

b.   Plaintiff and the Class could not reasonably have been expected to
learn or discover that the X Hoses suffer from significant and

30

dangerous design and/or manufacturing defects until such defects manifest; and

c. Defendant knew that Plaintiff and the Class could not reasonably have been expected to learn or discover the defective nature of X Hoses until manifestation of the defect.

d. Defendant actively concealed these defects by providing to Plaintiff and Class Members similarly defective replacement Products until their 90-day money-back guarantee had expired.

89. In failing to disclose that X Hoses are inherently defective, unreasonably dangerous and unsuited for their intended use, Defendant has and continues to knowingly and intentionally conceal material facts and breach its duty not to do so.

90. Defendant also engaged in deceptive conduct by providing Plaintiff and Class members with similarly defective replacement hoses in lieu of a refund until the 90-day refund period had expired. Defendant's scheme of active concealment ensured that the refund period expired by the time Plaintiff and the Class realized X Hoses are inherently defective, thereby allowing Defendant to unlawfully retain the proceeds from its scheme.

91. The facts affirmatively misrepresented and /or concealed or not disclosed by Defendant to Plaintiff and the Class are material in that a reasonable consumer would have considered them important in deciding whether to purchase the X Hose. Had Plaintiff and the Class known about the defective nature of the X Hose, they would not have purchased them. Plaintiff and the other California Class members' money damages were proximately caused by Defendant's fraudulent and deceptive business practices.

92. Under California Civil Code § 1780(a), Plaintiff and members of the Class seek injunctive and equitable relief for Defendant's violations of the CLRA. After mailing appropriate notice and demand under California Civil Code § 1782(a) & (d), Plaintiff will subsequently amend this Complaint to also include a request for damages. Plaintiff and members of the Class

request this Court enter such orders or judgments as may be necessary to restore to any person in interest any money that may have been acquired by employing such unfair business practices, and for such other relief, including attorneys' fees and costs, as provided in Civil Code § 1780 and the Prayer for Relief.

93.     Plaintiff includes an affidavit with this Complaint that shows venue in this District is proper, to the extent such an affidavit is required by CAL. CIV. CODE § 1780(d).

## EIGHTH CAUSE OF ACTION
## VIOLATIONS OF THE CALIFORNIA BUSINESS AND PROFESSIONS CODE
### (On Behalf of the California Class Pursuant to CAL. BUS. & PROF. CODE § 17200)

94.     Plaintiff and the Class incorporate by reference each preceding and succeeding paragraph as though fully set forth herein.

95.     Plaintiff brings this claim on behalf of herself and the members of the California Class against Defendant.

96.     The California Unfair Competition Law ("UCL") prohibits acts of "unfair competition," including any "unlawful, unfair or fraudulent business act or practice" and "unfair, deceptive, untrue or misleading advertising." CAL. BUS. & PROF. CODE § 17200.

97.     Defendant has engaged in unfair competition and unfair, unlawful or fraudulent business practices by the conduct, statements, and omissions described above, and by knowingly and intentionally concealing from Plaintiff and the Class that X Hoses suffer from significant design and/or manufacturing defects (and the costs, safety risks, and diminished value of X Hoses as a result of these deficiencies). Defendant should have disclosed this information because it was and is in a superior position to know the true facts related to inherently defective and unreasonably dangerous nature of X Hoses, and Plaintiff and the Class could not reasonably be expected to learn or discover the true facts related to these defects.

98.     These acts and practices have deceived Plaintiff and are likely to deceive the public. In knowingly and intentionally misrepresenting the quality, characteristics and durability of X Hoses, by failing to disclose their inherently defective and unreasonably dangerous nature and suppressing other material facts from Plaintiff and the Class, and by agreeing only to provide Plaintiff and Class members with similarly defective replacement hoses in lieu of a refund until the 90-day refund period had expired, Defendant breached its duties owed to Plaintiff and the Class, violated the UCL, and injured Plaintiff and the Class. Defendant's affirmative misrepresentations, omissions and acts of concealment pertained to information that was material to Plaintiff and the Class.

99.     The injuries suffered by Plaintiff and the Class are greatly outweighed by any potential countervailing benefit to consumers or to competition, and are injuries that Plaintiff and Class members could not have reasonably avoided.

100.     Defendant's acts and practices are unlawful because they violate CAL. CIV. CODE §§ 1668, 1709, 1710, and 1750 *et seq.*, and CAL. COMM. CODE § 2313.

101.     Plaintiff seeks to enjoin further unlawful, unfair and/or fraudulent acts or practices by Defendant, to obtain disgorgement of all monies and revenues generated as a result of such practices, and all other relief allowed under CAL. BUS. & PROF. CODE § 17200.

## NINTH CAUSE OF ACTION
### VIOLATION OF CALIFORNIA FALSE ADVERTISING LAW
**(On Behalf of the California Class Pursuant to CAL. BUS. & PROF. CODE §§ 17500, *et seq.* )**

102.     Plaintiff incorporates by reference all allegations each preceding and succeeding paragraphs as though fully set forth herein.

103.     Plaintiff brings this claim on behalf of themselves and members of the California Class against Defendant.

33

104.    California Bus. & Prof. Code § 17500 states: "It is unlawful for any ...

corporation ... with intent directly or indirectly to dispose of real or personal property ... to

induce the public to enter into any obligation relating thereto, to make or disseminate or cause to

be made or disseminated ... from this state before the public in any state, in any newspaper or

other publication, or any advertising device, ... or in any other manner or means whatever,

including over the Internet, any statement ... which is untrue or misleading, and which is known,

or which by the exercise of reasonable care should be known, to be untrue or misleading."

105.    Defendant caused to be made or disseminated through California and the United

States, through advertising, marketing and other publications, statements that were untrue or

misleading, and which were known, or which by the exercise of reasonable care should have

been known to Defendant, to be untrue and misleading to consumers, including Plaintiff and the

Class.

106.    Defendant has violated § 17500 because the misrepresentations and omissions

regarding the quality, characteristics and durability of X Hoses as set forth herein are material

and likely to deceive a reasonable consumer.

107.    Plaintiff and the Class have suffered an injury in fact, including the loss of money

or property, as a result of Defendant's unfair, unlawful, and/or deceptive practices.  In

purchasing X Hoses, Plaintiff and the Class relied on the misrepresentations and/or omissions of

Defendant with respect to the quality, characteristics and durability of the X Hose.  Defendant's

representations were false because X Hoses are distributed in an inherently defective condition.

Had Plaintiff and the Class known this, they would not have purchased the X Hose.

Accordingly, Plaintiff and the Class did not receive the benefit of their bargain.

108.    All of the wrongful conduct alleged herein occurred, and continues to occur, in the conduct of Defendant's business. Defendant's wrongful conduct is part of a pattern or generalized course of conduct that is still perpetuated and repeated, both in the State of California and nationwide.

109.    Plaintiff, individually and on behalf of the Class, requests that this Court enter such orders or judgments as may be necessary to enjoin Defendant from continuing its unfair, unlawful, and/or deceptive practices and to restore to Plaintiff and the other Class members any money Defendant acquired by unfair competition, including restitution and/or disgorgement, and for such other relief set forth below.

**TENTH CAUSE OF ACTION**
**THE SONG-BEVERLY ACT – BREACH OF IMPLIED WARRANTY VIOLATIONS OF CALIFORNIA CIVIL CODE §§ 1792, 1791.1, *et seq.***
**(On Behalf of the California Class)**

110.    Plaintiff and the Class incorporate by reference each preceding and succeeding paragraph as though fully set forth herein.

111.    Defendant was at all relevant times the manufacturer, distributor and warrantor of the X Hose. As such, Defendant knew or had reason to know of the ordinary and intended purposes for which X Hoses are purchased.

112.    X Hoses suffer from design and/or manufacturing defect that causes them to explode, tear, kink, leak, and cease to function.

113.    Defendant impliedly warranted to Plaintiff and the Class that X Hoses are merchantable and fit for the ordinary purposes for which they are sold. However, X Hoses are not fit for their ordinary and intended purpose and use as garden hoses because, *inter alia*, X Hoses explode, tear, and, eventually, cease to function entirely. Accordingly, Defendant's

JPU/JPU/01686441.DOCXvI

actions, as complained of herein, breached the implied warranty that X Hoses were of merchantable quality and fit for such use.

114.    Plaintiff and members of the Class notified Defendant of the breach within a reasonable time, and/or were not required to do so because affording Defendant a reasonable opportunity to cure its breach of written warranty would have been futile.  Defendant also knows of the defect and yet has chosen to conceal it and to fail to comply with its warranty obligations

115.    Defendant's actions, as complained of herein, breached the implied warranty that X Hoses were of merchantable quality and fit for such use in violation of CAL. CIV. CODE §§ 1792 and 1791.1.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays, on behalf of herself and members of the Class, that this Court:

A.      determine that the claims alleged herein may be maintained as a class action under Rule 23(a), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure, and issue order certifying the Class as defined above;

B.      award all actual, general, special, incidental, statutory, punitive and consequential damages to which Plaintiff and Class members are entitled;

C.      award pre-judgment and post-judgment interest on such monetary relief;

D.      award reasonable attorneys' fees and costs; and grant such further and other relief that this Court deems appropriate.

## JURY DEMAND

Plaintiff, on behalf of herself and the putative class, demands a trial by jury on all issues so triable.

JPU/JPU/01686441.DOCXv1

Dated:  October 10, 2014                    Respectfully submitted,


                                  By:        _____/s/ *James P. Ulwick*_____
                                             James P. Ulwick (Bar No. 00536)
                                             KRAMON & GRAHAM, P.A.
                                             One South Street, Suite 2600
                                             Baltimore, Maryland 21202
                                             Telephone:  (410) 752-6030
                                             Facsimile: (410) 539-1269
                                             Email:  julwick@kg-law.com

                                             OF COUNSEL:

                                             Bryan L. Clobes
                                             CAFFERTY CLOBES MERIWETHER
                                                   & SPRENGEL LLP
                                             1101 Market Street
                                             Philadelphia, PA 19107
                                             Phone: (215) 864-2800
                                             Facsimile: (215) 864-2810
                                             Email: bclobes@caffertyclobes.com

                                             Daniel O. Herrera
                                             CAFFERTY CLOBES MERIWETHER
                                                   & SPRENGEL LLP
                                             30 North LaSalle Street
                                             Suite 3200
                                             Chicago, Illinois 60602
                                             Telephone: (312)782-4880
                                             Facsimile: (312)782-7785
                                             Email: dherrera@caffertyclobes.com

                                             Counsel for Plaintiffs
                                             VICKY BERGMAN, ET AL.

37