IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

| | | |
|---|---|---|
| VICKY BERGMAN, on behalf of herself and all others similarly situated | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | CIVIL NO.: WDQ-14-3205 |
| DAP PRODUCTS, INC. | * | |
| Defendant. | * | |

---

| | | |
|---|---|---|
| MICHAEL CARTON, et al. on behalf of themselves and all others similarly situated | * | |
| | * | |
| Plaintiffs, | * | |
| v. | * | |
| | * | CIVIL NO.: WDQ-14-4015 |
| DAP PRODUCTS, INC., et al. | * | |
| Defendants. | | |

---

| | | |
|---|---|---|
| WILLIAM DUMONE, on behalf of himself and all others similarly situated | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | CIVIL NO.: WDQ-14-4046 |
| DAP PRODUCTS, INC., et al. | * | |
| Defendants. | | |

```
AMY JOSEPH, on behalf of
herself and all others          *
similarly situated
                                *
        Plaintiff,
                                *
        v.
                                *     CIVIL NO.: WDQ-15-0016
DAP PRODUCTS, INC., et al.
                                *
        Defendants.
```
_____

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

ORDER

Before this Court are the Plaintiffs' motions to consolidate cases and for appointment of interim co-lead and liaison class counsel in four cases currently pending in the District of Maryland against DAP Products, Inc. The Plaintiff in each case asserts that DAP Products, Inc. "manufactured, marketed, warranted, and distributed" "X Hose" brand garden hoses. *See Joseph v. DAP Products, Inc.*, WDQ-15-0016, ECF No. 62 at 1. "[A]ll plaintiffs allege that the X Hose is inherently defective and unsuited for its intended purpose, and that [the] Defendants actively concealed the defect's existence from [the] Plaintiffs and putative state-specific and nationwide classes of similarly situated X Hose purchasers," *Id.* at 1-2. The Plaintiffs move, unopposed, to consolidate these cases into a single action.

Federal Rule of Civil Procedure 42 allows courts to consolidate multiple actions when the claims "involve a common question of law or fact." "District courts have broad discretion in deciding whether to consolidate cases pending in the same district." *Hicks v. Grove*, 2014 WL 768685, at *1 (D. Md. Feb. 25, 2014). "[C]ourts should weigh the interests of judicial convenience in consolidating the cases against the delay, confusion, and prejudice consolidation might cause to the parties." *Joe Hand Promotions, Inc. v. Dock St. Enterprises, Inc.*, 2011 W L 6141058, at * 2 (D. Md. Dec. 8, 2011) (internal quotation marks omitted).

The facts presented here support consolidation. The only apparent differences among the cases are the names of the Plaintiffs and slight variances in the named Defendants. Further, there is no apparent prejudice to any party--the Plaintiffs have jointly moved for consolidation, and the Defendants have not opposed the motions. Accordingly, the Court will consolidate the cases.

The Plaintiffs have also moved for appointment of interim class counsel. On January 20, 2015, Bergman, Carton, and Dumone filed a motion for appointment of interim co-lead and liaison counsel. *See Joseph v. DAP Products, Inc.*, WDQ-15-0016, ECF No. 63. They argue that Bryan Clobes, Esq., of Cefferty Clobes Meriwether & Sprengel LLP and Joseph G. Sauder, Esq., of

Chimicles & Tikellis LLp should be appointed co-lead counsel, and James P. Ulwick, Esq., of Kramon & Graham P.A. should be appointed interim liaison counsel. *Id.*, ECF No. 63-1 at 1. On February 17, 2015, Joseph filed her own motion to appoint class counsel.[1] *Id.*, ECF No. 74. Joseph asserted that Thomas A. Zimmerman, Jr., Esq., of Zimmerman Law Offices P.C. should be appointed interim counsel. *Id.* at 2.

Under Federal Rule of Civil Procedure 23(g), "[t]he court *may* designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." (emphasis added). "The interim appointment may produce significant benefits in terms of coordinating the litigation in the pre-certification context." *Good v. Am. Water Works Co.*, 2014 WL 2481821, at *3 (S.D. W. Va. June 3, 2014). The Advisory Committee notes to Rule 23(g) state that interim class counsel may be "necessary to protect the interests of the putative class" and may be appropriate in cases of "rivalry and uncertainty."

---

[1] On February 12, 2015, Joseph filed an extension of time to file her motion for the appointment of interim counsel. ECF No. 72. Joseph's counsel was "unable to obtain *pro hac vice* admission to the District of Maryland until February 10, 2015," so she was unable to respond to the other Plaintiffs' motion to appoint interim counsel until that time. *Id.* Joseph requested until February 18, 2015 to file her competing motion for appointment of counsel. *Id.*

In this case, the Plaintiffs have proposed three qualified attorneys as possible interim class counsel, and another experienced attorney to act as liaison counsel. None of the Plaintiffs, however, presented any evidence of tension among the counsel, "rivalry," or why the interests of the putative class would be endangered if the Court did not appoint counsel now. The parties are, of course, free to agree on the attorneys who will act as interim class counsel and liaison counsel.

Accordingly, it is, this 26 day of March, 2015, ORDERED that:

1. The Plaintiffs' motions to consolidate, BE, and HEREBY ARE, GRANTED;

2. *Bergman v. DAP Products, Inc.*, WDQ-14-3205 is designated the lead case and all other cases shall be consolidated under this case number;

3. Within thirty (30) days of the date of this Order, counsel shall file a consolidated class action complaint;

4. The Plaintiffs' motions to appoint interim class counsel, BE, and HEREBY ARE, DENIED;

5. Joseph's motion for an extension of time to file (*Joseph v. DAP Products, Inc.*, WDQ-15-0016, ECF No. 72), BE, and HEREBY IS, DENIED as MOOT;

6. The Clerk of the Court shall send copies of this Order to counsel for the parties.

                                                                                           /s/\
William D. Quarles, Jr.\
United States District Judge