IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| VICKY BERGMAN et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action No. ~~14-cv-03205-WDQ~~ RDB-14-3205 |
| v. ) | |
| ) | |
| DAP PRODUCTS INC. et al. ) | |
| ) | |
| Defendants. ) | |

### [~~PROPOSED~~] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND PROVISIONALLY CERTIFYING A SETTLEMENT CLASS (the "PRELIMINARY APPROVAL ORDER" or "ORDER")

WHEREAS, this Preliminary Approval Order addresses the settlement reached in *Vicky Bergman et al. v. DAP Products Inc. et al.*, No. 14-cv-03205-WDQ, which was consolidated with *Carton et. al. v. DAP Products Inc. et al.*, No. 14-cv-04015, *Joseph v. DAP Products, Inc. et al.*, Case No. 15-cv-00016, and *Dumone v. Blue Gentian, LLC et al.*, No. 14-cv-04046, all of which are pending in the United States District Court for the District of Maryland (collectively, the "Action").

WHEREAS, the Parties have entered into a Settlement Agreement, which the Court has considered in accordance with Rule 23 of the Federal Rules of Civil Procedure;

WHEREAS, after having considered the Settlement Agreement and the Plaintiffs' Motion for Preliminary Approval thereof, the Motion for Preliminary Approval is hereby **GRANTED**, as follows:

1. This Order, except as otherwise indicated herein, hereby incorporates by reference the definitions of the Settlement Agreement as though fully set forth herein, and all terms used herein shall have the same meaning as set forth in the Settlement Agreement.

14214.004 3355665v1

2. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby conditionally certifies and approves for settlement purposes a nationwide Settlement Class (sometimes hereinafter referred to as simply the "Class"):

> All persons who purchased Covered Products in the United States, its territories, or at any United States military facility or exchange from January 1, 2012 through December 29, 2015. Excluded from the Settlement Class are all persons who validly opt out of the Settlement Class in a timely manner; counsel of record (and their respective law firms) for the Parties; Defendants and any of their parents, affiliates, and subsidiaries and all of their respective employees, officers, and directors; the presiding judge in the Consolidated Class Action or Separate Actions, and all of his immediate family and judicial staff. "Covered Products" means all products bearing the brand name XHose, including the XHose, XHose Pro, and XHose Pro Extreme, including all sizes thereof, that have been designed, marketed, advertised, sold, manufactured, and/or distributed by any of the Released Parties.

3. The Court provisionally approves Plaintiffs Vicky Bergman, Michael Carton, Cynthia Finnk, Rocco Lano, Laurina Leato, Marilyn Listander, Roger Mammon, William Dumone and Amy Joseph as Class Representatives.

4. The Court also finds that Bryan L. Clobes, CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP, and Joseph G. Sauder, CHIMICLES & TIKELLIS LLP, are experienced and adequate counsel for purposes of these settlement approval proceedings, and hereby designates them Lead Counsel for the Settlement Class. The Court further finds that Katrina Carroll, LITE DEPALMA GREENBERG, LLC; Gillian L. Wade, MILSTEIN ADELMAN, LLP; Thomas A. Zimmerman, Jr., ZIMMERMAN LAW OFFICES, P.C.; James P. Ulwick, KRAMON & GRAHAM, P.A.; and Andrew D. Freeman, BROWN GOLDSTEIN LEVY, are experienced and adequate counsel for purposes of these settlement approval proceedings, and hereby designates them and Lead Counsel as Class Counsel for the Settlement Class. Any Settlement Class Member (sometimes referred to hereinafter as "Class Members") may enter an appearance in the action, at his or her

own expense, either individually or through counsel of his or her own choice. However, if Settlement Class Members do not enter an appearance, they will be represented by Class Counsel.

5. The Court hereby preliminarily approves the proposed Settlement upon the terms and conditions set forth in the Settlement Agreement. The Court preliminarily finds that the Settlement is within the range of reasonableness, or the range of possible approval, necessary for preliminary approval by the Court. The Court finds that the requirements of Federal Rule of Civil Procedure, Rules 23(a) and 23(b)(3) are met and that the Settlement terms are fair, adequate, and reasonable as to all Settlement Class Members in light of the benefits to be conferred upon Settlement Class Members, including substantial payments to be made to Settlement Class Members if the Settlement receives final approval, as balanced against the probable outcome of further litigation given the risks relating to liability and damages.

6. It further appears that extensive and costly investigation and research has been conducted such that counsel for the Parties at this time are reasonably able to evaluate their respective positions, and that settlement at this time will avoid substantial additional costs by all parties, as well as the delay and risks that would be presented by the further prosecution of the above-titled action. It further appears to the Court that the Settlement Agreement was reached only after arm's-length negotiations over the course of several months an in two separate, in-person mediation sessions with a respected mediator—the Honorable Frederic Smalkin (ret.) of JAMS.

7. The Court approves as to form and content the Notices submitted by the parties (Exhibits C, E, G, H, and J to the Settlement Agreement) and finds that the Notice procedures described in Section IV of the Settlement Agreement meet all applicable requirements of law,

including the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process and that they provide the best notice practicable under the circumstances, and are hereby approved. The Settlement Administrator shall commence to provide notice by publishing the Publication Notices no later than forty (45) days after entry of this Order, and the Settlement Administrator and Parties shall otherwise comply with the Notice procedures set forth in Section IV of the Settlement Agreement.

8. Defendants, or the Settlement Administrator acting on behalf of Defendants for this purpose, shall serve upon the appropriate State official of each State in which a Settlement Class Member resides and the appropriate Federal official, a notice of the Settlement in compliance with 28 U.S.C. Section 1715(b).

9. Prior to the Final Approval Hearing, the Settlement Administrator and/or, as appropriate, the Parties, shall file proof, by declaration, of compliance with the Notice procedures set forth in Section IV of the Settlement Agreement.

10. Any Class Member who wishes to be excluded from the Class must send to the Settlement Administrator by U.S. Mail (XHose Settlement c/o AB Data Ltd, PO Box 170300, Milwaukee, WI 53217-8091) a personally signed letter including his or her (a) full name, (b) current address, (c) a clear statement communicating that he or she elects to be excluded from the Class, does not wish to be a Class Member, and elects to be excluded from any judgment entered pursuant to the Settlement, (d) his or her signature, and (e) the case name and case number (*Bergman. v. DAP Products Inc.*, No. 14-cv-03205-WDQ). A Settlement Class Member can exclude only himself or herself from the Settlement Class, and shall not be allowed to request that another individual or a group be excluded. Any request for exclusion or opt out must be postmarked on or before June 20, 2016 [**90 days after date of Preliminary**

**Approval Order]**. The date of the postmark on the mailing envelope shall be the exclusive means used to determine whether a Settlement Class Member's exclusion request has been timely submitted. In the event that the postmark is illegible, the exclusion request shall be deemed untimely unless it is received by the Settlement Administrator within three (3) calendar days of the Objection/Exclusion Deadline. The Settlement Administrator or parties shall file a list with the Court of all timely requests for exclusion no later than July 18, 2016 [10 days **before the Final Approval Hearing**].

11. If the Court grants final approval to this Settlement Agreement, any potential Settlement Class Member who has not submitted a timely written request for exclusion from the Class on or before June 20, 2016 **[45 days after the Publication Notice begins]**, shall be bound by all terms of Settlement Agreement (including without limitation the release in Section III.D., thereof) and the Final Approval Order and Final Judgment in this Action.

12. To object to the Settlement, a Settlement Class Members must do so in writing and the objection must be filed on or before June 20, 2016 **[45 days after the Publication Notice begins]**, with the Clerk of Court, 101 West Lombard Street, Baltimore, Maryland 21201. Any Settlement Class Member may file a written objection with the Court through the Court's Case Management/Electronic Case Files (CM/ECF) system or through any other method in which the Court will accept filings. An objection properly filed through the Court's CM/ECF system shall be deemed to have been served on all counsel. If the objection is filed in a manner other than through the Court's CM/ECF system, then it must also be served contemporaneously therewith on each of the following via U.S. mail **and** email:

| **Class Counsel** | **Defendants' Counsel** |
|---|---|
| Joseph G. Sauder<br>Chimicles & Tikellis LLP<br>One Haverford Centre<br>361 West Lancaster Ave.<br>Haverford, PA 19041<br>Email: JosephSauder@chimicles.com; **and**<br><br>Bryan L. Clobes<br>Cafferty Clobes Meriwether & Sprengel LLP<br>1101 Market Street<br>Philadelphia, PA 19107<br>Email: bclobes@caffertyclobes.com | Howard A. Slavitt<br>Coblentz Patch Duffy & Bass LLP<br>One Montgomery Street, Suite 3000<br>San Francisco, CA 94104<br>Email: hslavitt@cpdb.com |

Only Settlement Class Members may object to the Settlement. To object, a Settlement Class Member must provide the following information in writing: (i) full name, current address, and current telephone number; (ii) name of the Covered Product purchased by the objecting Settlement Class Member; (iii) documentation or attestation sufficient to establish membership in the Settlement Class including when and where the Covered Product was purchased; and (iv) a statement of all grounds for the objection accompanied by any legal or factual support for the objection. Any Settlement Class Member objecting to the Settlement shall also state in the objection (a) whether he or she is represented by counsel, and, if so, identify that counsel by name, firm name, and address, (b) a list of all other objections submitted by the objector or the objector's counsel to any class action settlements submitted in any state or federal court in the previous three (3) years, including the case name, the jurisdiction in which it was filed, and the docket number, or, alternatively, if the Settlement Class Member and his or her counsel has not objected to any other class action settlements in the previous three (3) years, he or she shall affirmatively state this in the objection. The date of the postmark on the mailing envelope or a legal proof of service accompanied and a file-stamped copy of the submission shall be the exclusive means used to determine whether an objection has been timely filed and served. In the

event that the postmark is illegible, the objection shall be deemed untimely unless it is received by the counsel for the Parties within three (3) calendar days of the Objection Deadline. By filing an objection, the objecting Settlement Class Member agrees to submit to the jurisdiction of the Court for discovery relating to his or her objection. An objection that does not meet all of these requirements will be deemed invalid and will be overruled.

13. Subject to approval of the Court, any objecting Settlement Class Member may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the Settlement should not be approved as fair, adequate, and reasonable, or object to Plaintiffs' petition for attorneys' fees, costs and expenses or payment of Class Representative incentive awards. The objecting Class Member must file with the Clerk of the Court and serve upon Class Counsel and Defendants' Counsel (at the addresses listed above in paragraph 12, above), a notice of intention to appear at the Final Approval Hearing ("Notice of Intention to Appear") on or before __JUNE 20__, 2016 [**45 days after the Publication Notice begins**].

14. The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Class Member (or his/her/its counsel) will present to the Court in connection with the Final Approval Hearing. Any Class Member who does not provide a Notice of Intention to Appear in complete accordance with these deadlines and specifications will not be allowed to speak or otherwise present any views at the Final Approval Hearing.

15. Class Counsel shall file their Motion for Attorneys' Fees and Expenses by no later than __JULY 18__, 2016 [**10 days before Final Approval Hearing**].

16. The Final Approval hearing will be held before this Court on __JULY 28__, 2016, at __10:00__ [(a.m.)/p.m.] at 101 W. Lombard Street, Baltimore, MD 21201, to determine

whether the settlement of the Action pursuant to the terms and conditions of the Stipulation of Settlement should be approved as fair, reasonable and adequate, and finally approved pursuant to Fed. R. Civ. P. 23(e). The Court will also rule on Class Counsel's application for an award of attorneys' fees, costs, and expenses and incentive awards (the "Fee Application") for Plaintiffs at that time. Class Counsel and/or Defendants shall, by July 18, 2016 [10 days before Final Approval Hearing], file briefs in support of Final Approval of the Settlements and/or for the Fee Application. Class Counsel and/or Defendants shall, at least five (5) business days before the Final Approval Hearing, file any responses to any written objections submitted to the Court by Settlement Class Members in accordance with the Settlement Agreement.

17. Pending determination of whether the Settlement should be finally approved, all proceedings in the Consolidated Class Action and Separate Actions, other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement and this Order, are hereby stayed.

18. In the event the Court does not grant final approval to the Settlement, or in the event the Settlement Agreement is terminated in accordance with its terms, is vacated, or fails to become effective for any reason, this Order and all orders entered in connection herewith shall become null and void, and shall not be used or referred to for any purposes whatsoever in the Consolidated Class Action or Separate Actions or in any other case or controversy; in such event the Settlement Agreement and all negotiations and proceedings directly related thereto shall be deemed to be without prejudice to the rights of any and all of the Parties, who shall be restored to their respective positions as of the date and time immediately preceding the execution of the Settlement Agreement, including that the provisional certification of the Settlement Class

pursuant to this Order shall be vacated automatically and Defendants shall have retained all rights to contest class certification.

19. In summary, the deadlines set by this Order are as follows:

| Date | Event |
|---|---|
| Add date *MAY 6, 2016* [45 days after date of Preliminary Approval Order] | Beginning of Publication Notice and other methods of notice |
| Add date *JUNE 20, 2016* [90 days after date of Preliminary Approval Order] | Deadline for Settlement Class Members to Exclude Themselves |
| Add date *JUNE 20, 2016* [90 days after date of Preliminary Approval Order] | Deadline for Settlement Class Members to Object and/or to File a Notice of Intention to Appear at Final Approval Hearing |
| Add date *JULY 18, 2016* [10 days before Final Approval Hearing] | Briefs in support of Final Approval, Attorneys' Fees and Costs, and Class Representative Incentive Awards to be filed |
| Add date *JULY 20, 2016* [5 business days before the Final Approval Hearing] | Responses to Objections to be filed |
| *JULY 28*, 2016 | Final Approval Hearing |

The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Settlement Class, except to instruct counsel for the Parties to post any such extensions on the Settlement website. Settlement Class Members must check the settlement website (www.XhoseClassSettlement.com) regularly for updates and further details regarding any extensions of these deadlines or dates.

20. Class Counsel and Defense Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the form or content of the Notices and other exhibits that they jointly agree are reasonable or necessary.

21. All further proceedings in the Consolidated Class Action and Separate Actions shall be stayed except such proceedings necessary to review, approve, and implement this Settlement.

SO ORDERED THIS 22nd OF March, 2016.

_____
The Honorable ~~William D. Quarles~~ RICHARD D. BENNETT
United States District Judge